**FRED M. YORK, L. D. PANKEY, A. V. WHITMAN, W. G. McLEOD, and H. B. PATTISHALL, as members of and constituting the FLORIDA STATE BOARD OF DENTAL EXAMINERS, v. J. HOD WILLIAMS.**

9 So. (2nd) 156                     En Banc
July 7, 1942           Rehearing Denied July 29, 1942

Dickenson & Dickenson, for petitioners.
Sutton, Reeves & Allen, for respondents.

TERRELL, J.:

In April, 1941, petitioners as members of the State Board of Dental Examiners preferred charges of unprofessional conduct against respondent in the manner authorized by Chapter 14708, Acts of 1931. A hearing was set for May 15, 1941, but on May 13 respondent filed his bill for injunction against petitioners seeking to restrain them from proceeding further in the cause. A temporary restraining order was granted and some other procedural sparring took place that is not relevant here so it is not repeated. A motion to dismiss was overruled and that order was brought up for review by certiorari.

It appears that after the charges were preferred, the legislature enacted Chapter 20240, Acts of 1941, which became effective May 2 and was a complete

revision of Chapter 14708, Acts of 1931. Respondent contends that since Chapter 14708, Acts of 1931, was revised and repealed by Chapter 20240, Acts of 1941, no further proceeding in the cause can be had under the 1931 Act. This seems to have been the view of the trial court.

Several questions are argued but the real question for determination is whether or not the trial court committed error in halting the investigation of the charges because Chapter 14708 under which they were instituted was superseded by Chapter 20240.

Ordinarily this question might be answered in the affirmative but in this case, it requires a negative answer. Chapter 20240 was a complete revision and repeal of Chapter 14708 relating to the practice of dentistry. It is admitted that both acts deal with the same subject matter, that the offense denounced for unprofessional conduct and the punishment prescribed are identical in the two Acts.

There was no hiatus between the repeal of the former and the effective date of the latter Act nor is it shown that respondent was granted any right or concession by the latter over the former Act.

The Acts constituting unprofessional conduct, the offense denounced, and the punishment being the same and the rights of respondent being in no way prejudiced, there was no reason for halting the investigation. The certiorari is granted and the judgment appealed from is accordingly reversed.

Reversed.

WHITFIELD, CHAPMAN and ADAMS, JJ., concur.

BROWN, C. J., BUFORD, and THOMAS, JJ., concur specially.

44

BUFORD, J., concurring specially:

I concur in the opinion prepared by Mr. Justice TERRELL because Chapter 20240 did not repeal Chapter 14708 in so far as the provisions thereof are in harmony with the provisions of the latter Act. Therefore, the provisions of Chapter 14708 here involved were not repealed by Chapter 20240, Acts of 1941, and they remain in full force.

BROWN, C. J., and THOMAS, J., concur.